IN RE PETITION OF MATHEWS.

[Cite as In re Petition of Mathews, 18 Ohio App. 2d 155.]

(No. 9229—Decided February 18, 1969.)

*Mr. Joseph H. Hans,* for appellant, John J. Mathews.
*Mr. Paul W. Brown,* attorney general, *Mr. William C. Baird* and *Mr. James S. Rood,* for appellee, state of Ohio.

HOLMES, J. This matter involves an appeal from the Common Pleas Court of Franklin County from an order denying an application for a writ of habeas corpus as filed

by the petitioner, John J. Mathews, a probationer accepted by the state of Ohio for probation supervision pursuant to the terms of the Interstate Compact as set forth in Section 5149.17 *et seq.*, of the Revised Code.

The petitioner was placed on probation in Grant County, Wisconsin, on February 9, 1968, and was accepted by Ohio for probation supervision pursuant to such Section 5149.17 *et seq.*, Revised Code.

Petitioner came to the state of Ohio and was subsequently apprehended by an officer of the Adult Probation Department of Franklin County upon warrant issued on April 16, 1968, by the Secretary of the Department of Health and Social Services of the State of Wisconsin, such latter department being the Wisconsin counterpart of the Ohio Adult Parole Authority.

Petitioner subsequently brought an action seeking a writ of habeas corpus in the Common Pleas Court of Franklin County, and he was released under bond by that court.

Upon the consideration of the merits, the Common Pleas Court denied an application for a writ of habeas corpus, from which order the petitioner appeals to this court.

In the court below, as in this court, the petitioner relies upon Section 5149.23 (A), Revised Code, arguing that he had been improperly arrested, in that the Franklin County officials had no warrant from the demanding state of Wisconsin, nor "deputization" pursuant to such Section 5149.23 (A) to apprehend or arrest the petitioner.

In denying the application for a writ of habeas corpus the court below held that such Section 5149.23 (A), Revised Code, concerns the deputizing by a demanding state of a person employed by the receiving state and the return of a parole or probation violator to the demanding state, and that such section had nothing to do with the arrest and holding of such violator.

Further the court below held that such writ of habeas corpus should be denied in that, pursuant to Section 5149.-17 (C), Revised Code, the decision of the sending state

to retake a person on probation or parole shall be conclusive upon, and not reviewable within, the receiving state.

The petitioner presents as his single assignment of error the proposition that he was illegally arrested and incarcerated in the Franklin county jail.

We feel that the court below did not err in holding that the petitioner was legally arrested and incarcerated.

Section 5149.23 (A), Revised Code, provides in pertinent part:

"The chief of the adult parole authority may deputize any person regularly employed by another state to act as an officer and agent of this state in effecting the return of any person who has violated terms and conditions of parole or probation as granted by this state. In any matter relating to the return of such a person, any agent so deputized shall have all the powers of police officer of this state.

"Any deputization pursuant to this section shall be in writing and any person authorized to act as an agent of this state pursuant to this section shall carry formal evidence of his deputization and shall produce the same upon demand."

That section provides for the deputizing of persons regularly employed by another state for the purpose of effecting the return to Ohio of any person who has violated the terms and conditions of parole or probation as granted by Ohio.

That section further provides that any such authority granted to such person by deputization must be in writing.

Such section does not deal with the matters of apprehension or arrest of a parole or probation violator either by the sending or the receiving state. These matters are provided for, in the instance of the sending state, in Section 5149.17 (C), Revised Code.

The arresting authority for the state of Ohio, the receiving state in this instance, is to be found both within the Interstate Compact, in Section 5149.17 (B), Revised Code, and in Section 2951.08 of the Revised Code.

Section 5149.17 (B), Revised Code, provides as follows:

"Each receiving state will assume the duties of visitation of and supervision over probationers or parolees of any sending state and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees."

Section 2951.08, Revised Code, provides as follows:

"During a period of probation, any field officer or probation officer may arrest the defendant without a warrant and bring him before the judge or magistrate before whom the cause was pending. Such arrest may also be made by any sheriff, deputy sheriff, marshal, deputy marshal, watchman, or police officer upon the written order of the chief probation officer, if the defendant is under the supervision of a county department of probation, or on the warrant of the judge or magistrate, or on the order of an officer of the adult parole authority created by Section 5149.02 of the Revised Code, if the defendant is under its supervision."

The arrest in the instant case was carried out by an officer of the Adult Probation Department of Franklin County, Ohio.

A reading of the transcript of the docket and journal entries herein would indicate that such arrest was effectuated pursuant to a warrant issued by the Secretary of the Department of Health and Social Services of the State of Wisconsin, the counterpart of the Adult Parole Authority in the State of Ohio.

If it is assumed that, pursuant to Section 2951.08, Revised Code, a Franklin County Adult Probation Department officer could have made an arrest of one of our own Ohio probationers with, or without, a warrant, then it would appear to follow from the language of Section 5149.17 (B), Revised Code, that the Adult Probation Department officer, as in this instance, would have the same basic arresting authority relative to a probationer referred to this state for supervision by another state pursuant to the Interstate Compact.

The court below also properly held that the determination of the sending state, in this instance the state of Wisconsin, that the petitioner had violated the rules applicable to his probation, was not reviewable within the receiving state according to Section 5149.17 (C), Revised Code.

The assignment of error as urged by the petitioner is not well taken, and the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

DUFFY, P. J., and LEACH, J., concur.